IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLENE BAUMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PALMER ADMINISTRATIVE SERVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Darlene Baumann ("Baumann" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Palmer Administrative Services, Inc. ("Palmer" or "Defendant") to stop Defendant's practice of placing telemarketing calls to consumers that feature an artificial and/or prerecorded voice and obtain damages and other redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION & VENUE**

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") and raises a question of federal law under a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members, when aggregated together, exceed $5 million. Further, none of the exceptions to CAFA applies.

2. This Court has personal jurisdiction over Defendant Palmer because it is

headquartered and incorporated in this District. Further, venue is proper pursuant to 28 U.S.C. § 1391(b) because Palmer resides in this District.

## PARTIES

3. Plaintiff Baumann is an individual who resides in Houston, Harris County, Texas.

4. Defendant Palmer is a corporation incorporated and existing under the laws of the State of Delaware whose primary place of business and corporate headquarters is located at 3430 Sunset Ave., Ocean, New Jersey 07712.

## COMMON FACTUAL ALLEGATIONS

5. Defendant Palmer places prerecorded telemarketing calls to solicit consumers to purchase auto warranties that it sells, administers, and is a party to.

6. All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of Palmer.

7. Unfortunately for consumers, Palmer, in an attempt to sell more auto warranties, engaged in an aggressive telemarketing campaign—often stepping outside the law in the process.

8. Specifically, Defendant (or a third-party acting on its behalf and for its benefit) places unsolicited telemarketing calls to consumers that feature an artificial and/or prerecorded voice.

9. Rather than adhere to the requisite rules regarding obtaining consent prior to engaging in telemarketing, Defendant (or a third-party acting on its behalf or for its benefit) places repeated calls to consumers who have never provided consent (either orally or in writing) to receive such calls. By placing the calls without first obtaining prior express written consent, Defendant plainly violates of the TCPA, 47 U.S.C. § 227, *et seq.*

10. By making unauthorized telemarketing calls as alleged herein, Defendant has

caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost ability to place outgoing calls and other interruption in use, cellular minutes, loss of value realized for the monies consumers paid to their carriers for the receipt of such calls, and other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

11. Furthermore, Defendant (or a third-party acting on its behalf and for its benefit) made the calls knowing that the calls trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their telephones, including the related data, software, applications, and hardware components.

12. Defendant knowingly made, and continues to make, repeated prerecorded telemarketing calls to consumers' telephones without the prior express consent of the recipients.

13. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally, repeatedly, and willfully violated the TCPA.

14. The calls were made by or on Palmer's behalf and with its knowledge and approval. Palmer knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

15. The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

16. In response to Palmer's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Palmer to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Class, together with costs, pre- and post judgment interest, and reasonable attorneys' fees.

## FACTS SPECIFIC TO PLAINTIFF BAUMANN

17. Plaintiff Baumann is the owner and customary user of a cellphone number ending in 8597.

18. At no time did Plaintiff ever provide her cellphone number to Defendant or provide Defendant, or any of Defendant's agents or contractors, with prior express consent to call.

19. On December 4, 2018, Plaintiff received a telemarketing call from Defendant. Upon answering the call, Plaintiff heard a prerecorded voice message. The message prompted Plaintiff to press one and then press three to be connected to a live person.

20. Eventually, Plaintiff was connected with Mike Keller who identified himself as being with Defendant Palmer. Mr. Keller provided Plaintiff with his telephone number, 855-495-1914 extension 266.

21. Mr. Keller then informed Plaintiff that he was selling car warranties, and solicited Plaintiff to purchase Palmer's "Supreme Power Train Enhanced" policy.

22. Thereafter, Palmer sent Plaintiff a policy to review, which listed Palmer as the servicer of the agreement.

23. The call was made by or on behalf of Palmer for the purpose of selling Palmer's products and services. Here, the call was made by employees or agents of Palmer, at the direction of Palmer, in accordance with a contract with Palmer, and with Palmer's substantial oversight and control.

24. Palmer knew about the calls, directed the making of the calls, ratified the calls by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

25. All of the calls attempted to solicit Plaintiff and other members of the alleged Class to purchase the auto warranty agreements that Palmer sells, administers, and is a party to.

26. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided her telephone number directly to Defendant, and had never requested that Defendant place calls to her or to offer her any services.

27. Simply put, Plaintiff has never provided any form of prior express consent to Defendant, or to anyone acting on Palmer's behalf, to place telemarketing calls to her phone number.

28. Defendant Palmer was, and still is, aware that the above-described telemarketing calls were made to consumers like Plaintiff who never provided prior express consent to receive them.

29. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the Class actual harm, including: (a) the aggravation, nuisance, and invasions of privacy that result from the placement of such calls, (b) wear and tear on their telephones, (c) interference with the use of their phones, (d) consumption of battery life, (e) loss of value realized for monies consumers paid to their wireless carriers for the receipt of such calls, and (f) the diminished use, enjoyment, value, and utility of their telephone plans.

30. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their phones, including the related data, software, and hardware components.

31. To redress these injuries, Plaintiff, on behalf of herself and the Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to consumers' telephones.

32. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with costs, pre- and post-judgment interest, and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a nationwide Class defined as follows:

> **No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, caused to be called; (3) for the same purpose as Defendant called Plaintiff; (4) using the same prerecorded and/or artificial voice that was used to call Plaintiff, and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

34. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, contractors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

35. Plaintiff anticipates the need to amend the class definition following a period of appropriate class-based discovery.

36. **Numerosity:** The exact number of class members is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Class. The number of members of the Class and class membership can be identified through

6

objective criteria, including Defendant's phone records.

37. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the class members.

38. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor her counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

39. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether the calls were made on behalf of Defendant and/or whether Defendant knew about, approved/ratified, or benefitted from the calls;

    (c)    Whether Defendant had prior express consent to place the calls;

    (d)    Whether the calls were for telemarketing;

    (e)    Whether the calls were made using an artificial and/or prerecorded voice; and

    (f)    Whether Defendant's conduct was willful or knowing such that members of the Class are entitled to treble damages.

40. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class so as to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

41. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a certified class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the No Consent Class)**

42. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

43. Defendant made or caused to be made calls to Plaintiff's and the other No Consent class members' telephones, which solicited consumers to purchase its auto warranties.

44. Under the TCPA, it is unlawful to initiate any telephone call to either a residential telephone line or a cellular telephone using an artificial or prerecorded voice absent a consumer's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A)(iii) & (B).

45. By making unsolicited telephone calls to Plaintiff and members of the Class's telephones using an artificial or pre-recorded voice without first obtaining prior express consent, Defendants violated the TCPA.

46. Palmer is liable for the calls. The calls were made by or on behalf of Palmer. The calls were made by employees or agents of Palmer, at the direction of Palmer, and with Palmer's substantial oversight and control.

47. Palmer knew about the calls, directed the making of the calls, ratified the calls by approving them and/or knowingly receiving the benefits from them, and otherwise benefitted from the calls.

48. Defendant violated the TCPA by making calls featuring an artificial and/or prerecorded voice to Plaintiff's and other class members' phones.

49. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of auto warranties that Palmer sells, administrators, and is a party to.

50. Neither Plaintiff nor any other consumer ever provided prior express written or oral consent under the TCPA to be called by or on behalf of Palmer.

51. No written consent containing required disclosures under 47 C.F.R. § 64.1200, *et seq.* was ever obtained.

52. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages and, under section 47 U.S.C. § 227(b)(3), Plaintiff and each member of the Class are each entitled to receive up to $500 in damages for each violation of 47

C.F.R. § 64.1200.

53. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

54. Plaintiff and the class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing her counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all telemarketing calls made using an artificial and/or prerecorded voice to consumers, without first obtaining prior express consent to call;

D. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the class members;

E. An award of treble damages if willful or knowing violations are shown;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 26, 2020						By:  /s/  Jeffrey S. Arons
								One of Plaintiff's Attorneys


								Jeffrey S. Arons
								ja@aronslaw.net
								Arons & Arons, LLC
								76 South Orange Ave., Suite 100
								South Orange, New Jersey 07079
								Telephone: (973) 762-0795
								Facsimile: (973) 762-0279


								Patrick H. Peluso*
								ppeluso@woodrowpeluso.com
								Taylor T. Smith*
								tsmith@woodrowpeluso.com
								Woodrow & Peluso, LLC
								3900 East Mexico Ave., Suite 300
								Denver, Colorado 80210
								Telephone: (720) 213-0675
								Facsimile: (303) 927-0809

								Attorneys for Plaintiff and the Class

								* *Pro Hac Vice applications to be filed*

11